UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUDY C. RAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-1103 |
| ) | Judge Trauger |
| FOOD SERVICE DIRECTOR ) | |
| MATTHEW MITCHELL ET AL., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

## I. INTRODUCTION
## AND
## BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Criminal Justice Center (CJC) in Nashville. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) ABL Food Services Management, Inc. (ABL); 2) Matthew Mitchell, the ABL Food Services Director at CJC; 3) the Davidson County Sheriff's Office; and 4) Darren Hall, Sheriff of Davidson County. The plaintiff seeks money damages, alleging that the defendants violated his rights under the Eighth Amendment.

The complaint pertains to the diet that the plaintiff receives at CJC. (Docket Entry No. 1, ¶ IV, pp. 3-4, and attached continuation pages) The plaintiff, who claims to be on a renal diet, alleges that: 1) he does not receive sufficient food; and 2) the food items and the portions that he does receive are not in accordance with his prescribed diet. This is the second time that the plaintiff has sought to pursue these claims in the district court. The first action was dismissed as frivolous on November 3, 2009. *Raines v. Mitchell*, No. 3:09-1025 (M.D. Tenn. Nov. 3, 2009)(Trauger, J.).

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a [jail] official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511

2

U.S. 825, 832 (1994)(internal quotation marks and citations omitted). Second, the jail official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)).

Under the Eighth Amendment, state officials are only required to provide prisoners adequate food. *Farmer*, 511 U.S. at 832; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). More particularly, the Eighth Amendment requires only that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

### A. *Res Judicata*

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id*. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979).

Claim preclusion has four elements: 1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their privies; 3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; 4) identity of the causes of action. *Mitchell v. Glenn Chapman, et al.,* 343 F.3d 811, 818 n. 5 (6th Cir.

3

2003); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The four elements of issue preclusion are: 1) the issue precluded must be the same issue involved in a prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue. *Cent. Transp., Inc. v. Four Phase Sys., Inc.,* 936 F.2d 256, 259 (6th Cir.1991); *NLRB v. Master Slack and/or Master Trousers Corp.,* 773 F.2d 77, 81 (6th Cir.1985).

A comparison shows that the complaint in this action is, in all relevant aspects, the same as the complaint in the plaintiff's first case. The additional factual allegations, *i.e.*, examples of instances when the plaintiff's diet allegedly varied from his medical diet, and the alleged health/physical consequences resulting from the deviations from his diet, were not raised in the first action. However, they could have been. Moreover, the only defendant in the first action was defendant Mitchell. The additional defendants to this action, *i.e.*, ABL, the Davidson County Sheriff's Office, and Sheriff Hall, all could have been named as defendants in that first action, but they were not. For these reasons, this action is barred by the doctrine of *res judicata*.[1]

### B. The Merits of the Complaint

In addition to being barred by the doctrine of *res judicata*, the complaint is subject to *sua sponte* dismissal on the merits. First, the plaintiff does not mention any of the defendants in the statement of his claim. Consequently, he fails to establish what the defendants did, or did not do,

---

[1] As previously noted, *supra* at p. 2, under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," a point that the court made in dismissing Case No. 3:09-1025. It is difficult not to draw the conclusion that the plaintiff took the court's findings in his prior case, and that he has submitted this complaint in an effort to cure the defects that led to the *sua sponte* dismissal of his first case. In other words, it is difficult not to conclude that the plaintiff is trying to circumvent the PLRA by bringing this action.

4

that violated his rights under the Constitution or laws of the United States. In failing to satisfy the first half of the two-part test under *Parratt*, *supra* at p. 2, the plaintiff fails to make a *prima facie* showing under § 1983 as to any of the defendants.

Next, the plaintiff cites only two instances when his diet allegedly varied from what it should have been. The plaintiff does not allege that there were other such instances, nor can such an inference be liberally construed from the complaint. The two instances alleged – occurring forty-five (45) days apart – do not establish deliberate indifference on defendant Mitchell's part. Neither is it reasonable to attribute the plaintiff' claims of sickness, pain, weight loss, and discomfort to defendant Mitchell based on these two isolated occurrences.

The plaintiff's apparent legal theory as to defendants ABL and Sheriff Hall is that they are liable for the alleged actions of defendant Mitchell under the doctrine of *respondeat superior*. The law is settled, however, that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

For vicarious liability to attach to defendants ABL and Sheriff Hall, both must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The plaintiff does not allege that defendants ABL and Sheriff Hall were directly responsible for any of the alleged actions about which the plaintiff complains, nor can such an inference be liberally construed from

the complaint. Neither does the plaintiff allege that defendants ABL and Sheriff Hall acted pursuant to a policy or custom that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). For these reasons, neither defendant is liable to the plaintiff under the doctrine of *respondeat superior*.

Finally, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell*, 436 U.S. at 688 and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A sheriff's office is not a body politic; therefore, the Davidson County Sheriff's Office is not a person within the meaning of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983). Consequently, the plaintiff once again fails to make a *prima facie* showing under § 1983.

### III. CONCLUSION

For the reasons explained herein, the complaint lacks an arguable basis in law or fact. Therefore, the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge